UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TIMOTHY EASTOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:03-CV-353-TS |
| ) | |
| WILLIAM REDMOND, GEORGE A. ) | |
| HELLAND, JR., and JOHN HAMILTON, ) | |
| and John and Jane Does Number 1-10, ) | |
| Unknown Fiduciaries or Persons Acting in a ) | |
| Fiduciary Capacity with Regard to The ) | |
| Tokheim Pension Plan, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The Plaintiff's suit arises out of supplemental retirement benefits that he alleges, the now bankrupt, Tokheim Corporation guaranteed to him in 1985. He contends that the Defendants, former officers of Tokheim, breached their fiduciary duty with respect to this informal ERISA plan. The Defendants have moved to dismiss the Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. This Motion and the Plaintiff's response to it present this Court with two questions: (1) which ERISA enforcement provisions may the Plaintiff invoke?; and (2) does the Plaintiff seek equitable or legal remedies?

### BACKGROUND

On September 17, 2003, Plaintiff Timothy Eastom filed his Complaint for breach of fiduciary duty under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. The Plaintiff sued William Redmond as the former Chairman of the Compensation Committee of Tokheim, George Helland, Jr., as the former Chairman of the Board of Tokheim, and John Hamilton

as the former Chief Officer of Tokheim. He also sued "unknown fiduciaries." The Plaintiff alleges that, in 1985, Tokheim terminated its defined benefit plan and offered a guarantee of certain minimum benefits for employees who met identified prerequisites. The Plaintiff and two other salaried employees met the requirements for the guarantee. To fund the Plaintiff's guarantee, Tokheim purchased two life insurance policies. The Plaintiff alleges that the Defendants breached their fiduciary duty to him when the insurance policies that were to fund his guarantee were transferred out of his account through liquidation or by changing the beneficiary. He prays for "relief against the defendant in an amount and in such character as to make him whole for [the fiduciaries'] breach of duty to him and to the plan, for fees and costs and for all other and proper relief in the premises." (Compl., § III.)

On November 12, 2003, the Defendants filed an Answer denying the existence of the pension plan as described by the Plaintiff and asserting several defenses.

On June 15, 2004, the parties filed a Joint Motion to Continue Deadlines and Stay Proceedings to Allow Parties to Mediate Case After Adjudication of Related Bankruptcy Claim, which the Court granted. On July 18, 2005, the Court lifted the stay.

On May 16, 2006, the Defendants moved to dismiss the Plaintiff's suit for lack of subject matter jurisdiction, arguing that the Plaintiff sought non-equitable relief and contravened ERISA's enforcement mechanism, 29 U.S.C. § 1132(a)(3). On June 20, 2006, the Plaintiff responded that dismissal was not appropriate because he had pointed to specific assets contained in annuities and that he was entitled to an equitable lien. He also stated that his claim could be viewed as one seeking

restitution.[1]

## DISCUSSION

**A.     Standard of Review**

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir.1998).

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The movant may also use affidavits and other material to support its motion if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999). The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Id.* at 856.

---

[1] In his response brief, the Plaintiff begins referring to the two insurance policies as annuities. This designation does not impact the Court's analysis.

**B.     Claims For Breach of Fiduciary Duty Under ERISA**

ERISA is a comprehensive statute designed to protect the interests of employees and their beneficiaries in pension and welfare benefit plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). ERISA establishes duties of loyalty and care for fiduciaries and obligates fiduciaries to act solely in the interest of the benefit plan and its participants and beneficiaries. *Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 990 (7th Cir.1993). Claims for breach of fiduciary duty are generally brought under § 502(a)(2) or § 502(a)(3) of ERISA.

A suit brought pursuant to § 502(a)(2) includes the remedies set out in 29 U.S.C. § 1109. *See* 29 U.S.C. § 1132(a)(2) (allowing "for appropriate relief under section 1109 of this title"). Section 1109 provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). However, any recovery under section 502(a)(2) must be for the plan as a whole rather than for individual beneficiaries. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985); *see also Varity Corp. v. Howe*, 516 U.S. 489 (1996).

While individualized relief for breach of fiduciary obligations is not appropriate under § 502(a)(2), it is permitted under § 502(a)(3). However, claims under this section are limited to equitable relief. Subsection (a)(3) provides that a civil action may be brought by a beneficiary "to enjoin any act or practice which violates any provision of this subchapter" or "obtain other appropriate equitable relief" to redress the violations. 29 U.S.C. § 1132(a)(3). Therefore, a district

4

court only has jurisdiction over a § 502(a)(3) claim if the plaintiff seeks equitable relief. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 (2002) (section "502(a)(3), by its terms, only allows for equitable relief."); *Admin. Comm. v. Gauf,* 188 F.3d 767, 770 (7th Cir. 1999) ("The plain wording of § 502(a)(3) makes clear that, if [the plaintiff] is seeking legal relief, we do not have jurisdiction.") (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255–62 (1993)).

The Plaintiff maintains that his suit is cognizable under both § 502(a)(2) and § 502(a)(3). The Defendants argue that the Plaintiff cannot invoke either section because he is seeking individualized legal remedies.

**(1)   *The Plaintiff's Claim is Not Cognizable under § 502(a)(2)***

The Plaintiff admits that one cardinal difference between § 502(a)(2) and § (a)(3) is that under § 502(a)(2) the claimant brings suit on behalf of the plan rather than seeking an individual remedy, but contends that this "distinction is seemingly without difference" because he is the "last remaining participant in the plan." (DE 32, Pf.'s Resp. 5 n.5.) The Plaintiff does not offer any supporting authority for his claim that if the plaintiff is the last remaining beneficiary, his suit automatically benefits the plan as a whole. This argument ignores the distinction between individual and plan recoveries in general. It also ignores the Plaintiff's specific allegation that he, and no other plan participant, was affected by the Defendants' breaches of fiduciary duty. The Court would be hard pressed to find that the Plaintiff is seeking relief on behalf of the plan, rather than as an individual with rights under the plan. The measure of his alleged damages is a loss suffered by him alone, not because he was the only remaining beneficiary, but because his specific guarantee was not funded. In fact, he alleges in his Complaint that the two other eligible employees already

5

received the benefits that Tokheim guaranteed them. (Cplt., ¶ 13.)

Because "[a]ny recovery under § 502(a)(2) for breach of fiduciary duty must go to the plan as a whole rather than to individual beneficiaries," *Plumb v. Fluid Pump Services., Inc.*, 124 F.3d 849, 863 (7th Cir. 1997), the Plaintiff's Complaint, insofar as it seeks relief under § 502(a)(2), must be dismissed.

**(2)** *The Plaintiff's Claim is Not Cognizable under § 502(a)(3)*

In its Motion to Dismiss, the Defendants maintain that the Plaintiff's claim for breach of fiduciary duty arises under and is enforced pursuant to ERISA § 502(a)(3). The Defendant argues that the Court does not have jurisdiction over the Plaintiff's request that the Defendants personally pay him damages for their breaches because it is not an equitable remedy. The Plaintiff does not agree with the Defendants' characterization of the relief sought and contends that his beneficial ownership in two annuities gives rise to an equitable lien. He also submits that his claim may be viewed as one for restitution.

Determining what constitutes equitable relief under ERISA is not an easy task. In *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), the Supreme Court explained that the term "equitable relief" in § 502(a)(3) must refer to those categories of relief that were typically available in equity. *Id.* at 210 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993)). The Court acknowledged the availability of "equitable remedies" such as constructive trusts and equitable liens, which might entail monetary recovery of a sort, but noted that these were available "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* at 213. The Court went

on to state:

> A court of equity could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner. But where the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant. Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property *in the defendant's possession*.

*Id*. at 213-14 (quotations, brackets, and citations omitted) (emphasis added).

In a more recent case involving § 502(a)(3), *Sereboff v. Mid Atlantic Medical Services, Inc.*, — U.S. —, 126 S. Ct. 1869 (2006), the Supreme Court reaffirmed the possession requirement it announced in *Knudson*, but distinguished the facts. In *Knudson*, the specific funds the plaintiffs claimed entitlement to were not in the defendant's possession, but had been placed in a trust under state law, and equitable relief was not available. *Knudson*, 534 U.S. at 207. By contrast, in *Sereboff*, the specifically identifiable funds from a tort settlement had been set aside and preserved in the defendants' investment accounts. *Sereboff*, 126 S. Ct. at 1874. Therefore, the Court found that the relief the plaintiff sought was equitable in nature.

The possession requirement the Supreme Court announced in *Knudson*—and reaffirmed in *Sereboff*—precludes the Plaintiff from characterizing his requested relief as equitable. The Plaintiff cannot point to specific funds that are in the Defendants' possession because he, admittedly, does not know the disposition of the particular life insurance policies that he identifies in his Complaint. The Plaintiff has the obligation to establish jurisdiction by competent proof, *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999), and cannot rely on an ambiguity in the disposition of the policies to avoid dismissal for lack of subject matter jurisdiction. By failing to ascertain that the

Defendants have control of the insurance policies at issue, the Plaintiff seeks to impose personal liability on the Defendants from their assets generally, which is a purely legal remedy.

Section 502(a)(3) does not provide the particular relief at issue in this case.

### 3.  The Plaintiff Does Not State a Claim Under § 502(a)(1)(B)

Although most of the Plaintiff's arguments center around his claim for breach of fiduciary duty, the Plaintiff also argues in response to the Defendants' Motion to Dismiss that his case could be analyzed under 502(a)(1)(B) as a claim for benefits that were converted from him, if the Court finds that an informal plan existed. Section 502(a)(1)(B) allows a participant to bring a civil action to recover benefits due to him under the terms of his plan. 29 U.S.C. § 1132(a)(1)(B).

The Complaint does not invoke specific sections of ERISA. Although the Plaintiff is not required to do so under the liberal notice pleading requirements applicable here, the Complaint is nevertheless insufficient to provide notice to the Defendants that the Plaintiff is asserting anything other than a claim for breach of fiduciary duty. The Defendants are individuals sued in their fiduciary capacities and the only cause of action identified is for breach of fiduciary duty. Moreover, these fiduciaries would not be proper parties for a claim to recover benefits. The Seventh Circuit has held that only the plan as an entity, and no other party, is the appropriate entity to sue in an action to recover benefits. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996) (upholding dismissal of claim because "ERISA permits suits to recover benefits only against the Plan as an entity") (quoting *Geraldi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985)); *Wyluda v. Fleet Fin. Group*, 112 F. Supp. 2d 827, 830 (E.D. Wis. 2000) (holding that plaintiff could not maintain suit against his employer to recover benefits because employer was only

8

the "plan sponsor"). But the Plaintiff did not name the plan itself, even an informal one, as a Defendant. *See* 29 U.S.C. § 1132(d)(1) (providing that ERISA plans are separate and distinct legal entities that can sue and be sued).

Further, in his response brief, the Plaintiff himself does not appear to be promoting a claim under § 501(a)(1)(B) for recovery of benefits. He states that while ordinarily a beneficiary brings a claim for pension payments against the plan itself under ERISA § 502(a)(1)(B), the controversy here is not over the amount of pension payment due, but over what happened to the benefits that were secured to him in the form of annuities.

The Plaintiff's Complaint does not set forth a claim under § 502(a)(1)(B).

## C.  Attorneys' Fees

In addition to asking the Court to dismiss the Plaintiff's Complaint, the Defendants request that it award them their costs and attorneys' fees. They request that the Court give them thirty days from the date of this order to submit proof of their fees and costs.

ERISA provides that, in an action brought by a participant, beneficiary or fiduciary, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). District courts entertain a "modest presumption" that prevailing parties are entitled to a reasonable attorneys fee. *Little v. Cox's Supermarkets*, 71 F.3d 637, 644 (7th Cir.1995). This presumption, however, is rebuttable. *See Harris Trust & Savs. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 617 (7th Cir.1995). The Seventh Circuit has employed two different formulas to determine whether a prevailing party is entitled to attorneys' fees in ERISA actions. *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 592 (7th Cir. 2000). Under either test, the

9

question asked is essentially the same: "Was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Id.* at 593 (alterations and citations omitted).

The parties have not briefed the attorneys' fees issue and the Defendants' request for fees is denied without prejudice and with leave to file a motion for fees and brief in support of fees within thirty days from the date of this Opinion and Order, should the Defendant want to pursue the issue. The Plaintiff's response and Defendants' reply to any such motion are governed by Northern District of Indiana Local Rule 7.1.

### CONCLUSION AND ORDER

For the foregoing reasons, the Defendants' Motion to Dismiss [DE 28] is GRANTED. The Defendant's request for attorneys' fees contained within the Motion to Dismiss [DE 28] is DENIED. Judgment will be entered in favor of the Defendants and against the Plaintiffs on the claims asserted in the Plaintiff's Complaint. The Defendants are given thirty days from the date of this Opinion and Order to file any motion for attorneys' fees.

SO ORDERED on August 14, 2006.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT